Baltej SINGH, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 04–75558.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 6, 2009.*

Filed March 6, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Before: WALLACE, LEAVY, and HAWKINS, Circuit Judges.

### MEMORANDUM **

Baltej Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' order affirming an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the IJ's adverse credibility determination for substantial evidence, *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002), and deny the petition for review.

Substantial evidence supports the IJ's adverse credibility determination based on Singh's failure to establish sufficiently and affirmatively his identity. *See, e.g., Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003) (affirming negative credibility finding based on, *inter alia*, discrepancies regarding identity). Because at least one of the identified grounds underlying the IJ's adverse credibility finding is supported by substantial evidence and goes to the heart of the claim of persecution, we are bound to accept the negative credibility finding. *See Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir.2004).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Singh's failure to satisfy the lower standard of proof for asylum necessarily results in a failure to demonstrate eligibility for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006). Finally, substantial evidence supports the IJ's conclusion that Singh did not establish it is more likely than not that he will be tortured if returned to India, and we uphold the denial of relief under the CAT. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

### PETITION FOR REVIEW DENIED.